1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOE HAND PROMOTIONS, INC.,    )      1:10-cv-02296-LJO-SMS
                                   )
12            Plaintiff,           )      **SCHEDULING CONFERENCE ORDER**
                                   )
13   vs.                           )      Plaintiff's Expert
                                   )      Disclosure Deadline: 3/1/13
14   OLEN L. CAMPBELL, et al.,     )
                                   )      Defendants' Expert
15            Defendants/          )      Disclosure Deadline: 4/1/13
              3rd-Party Plaintiffs, )
16                                 )      Discovery Deadline:  8/2/13
     vs.                           )
17                                 )      Non-Dispositive Motion
     SUPERIOR SATELLITE, LLC,      )      Filing Deadline: 8/30/13
18                                 )
              3rd-Party Defendant. )      Dispositive Motion
19   _____)      Filing Deadline: 10/25/13

20                                        Settlement Conference Date:
                                          10/9/13, 10:30am, 9th Floor/**SMS**
21
                                          Pre-Trial Conference Date:
22                                        12/12/13, 8:30am, Ctrm. 4/**LJO**

23                                        Trial Date: 2/4/14, 8:30am,
                                          Ctrm. 4/**LJO** (JT ~ 2-3 days)
24

25        1.   Date of Scheduling Conference:

26             March 14, 2012.

27   //

28   /

                                   1

2.    Appearances of Counsel:

Thomas P. Riley, Esq., appeared telephonically on behalf of plaintiff.

Matthew A. Paré, Esq., appeared telephonically on behalf of defendants, Olen L. Campbell and Camco Investments, Inc.

3.    The Pleadings:

A.    Summary of the Pleadings.

Plaintiff, a closed-circuit distributor of sports and entertainment programming, claims that defendants, Olen L. Campbell, individually and d/b/a Sports Club, and Camco Investments, Inc, an unknown business entity d/b/a Sports Club, exhibited the *Ultimate Fighting Championship 107: BJ Penn v. Diego Sanchez,* on Saturday, December 12, 2009, at the establishment defendants were operating known as "Sports Club" without the necessary closed-circuit (commercial) license they were required to obtain from plaintiff.

Defendants deny these allegations, and further deny any liability for any alleged exhibition of the boxing program. Furthermore, defendants have brought a third-party complaint against the entity believed to be responsible for the alleged signal violation, namely, Superior Satellite, L.L.C., who set up and installed the television system at the subject establishment.

B.    Orders Re: Amendment of Pleadings.

No amendments are proposed at this time.

////

///

//

/

1    4.    Factual Summary:

2         A.    Admitted Facts which are deemed proven without

3    further proceedings.

4              (1)    None summarized in the Joint Scheduling Report

5    (Doc. 48, No. 3) as directed by the court's initial Order Setting

6    Mandatory Scheduling Conference (Doc. 3), specifically, No. 3 of

7    Exhibit "A" attached thereto.

8         B.    Contested Facts.

9              (1)    Whether defendants misappropriated a televised

10   boxing program to which plaintiff owned the exclusive commercial

11   exhibition rights.

12             (2)    Whether said claims are factually based on the

13   observations of a licensed private investigator.

14   5.    Legal Issues:

15        A.    Uncontested.

16             (1)    Federal question jurisdiction.

17             (2)    Violations of two federal telecommunications

18   statutes (47 U.S.C. § 553, et seq., and 47 U.S.C. § 605, et seq.)

19   are alleged in the Complaint.

20             (3)    A common law count of Conversion is also set

21   forth in the Complaint.

22             (4)    Pendant jurisdiction.

23             (5)    Venue pursuant to 47 U.S.C. § 605, et seq.

24        B.    Contested.

25             (1)    Defendants' liability under all of the causes

26   of action as alleged by plaintiff in the operative Complaint.

27             (2)    Defendants' liability for the alleged

28   misappropriation.

1    (3)   Whether liability is grounded on the causes of

2 action alleged within plaintiff's Complaint.

3    6.   Consent to Magistrate Judge Jurisdiction:

4    This case will not be assigned for all purposes,

5 including trial, to the Honorable Sandra M. Snyder, United States

6 Magistrate Judge, as plaintiff does not so consent at this time.

7    7.   Discovery Plan and Cut-Off Dates:

8    A.   Pursuant to F.R.Civ.P.26(b), and except as the court

9 may order after a showing of good cause, the "(p)arties may obtain

10 discovery regarding any matter, not privileged, that is relevant to

11 the claim or defense of any other party."

12    B.   Unless otherwise stipulated between the parties or

13 ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery

14 shall be limited as follows:

15    (1)   <u>Depositions</u>:

16    a.  Each side may take no more than ten (10)

17 depositions.

18    b.  A deposition shall be limited to one (1)

19 day of seven (7) hours.  F.R.Civ.P.30(d).

20    (2)   <u>Interrogatories</u>:

21    a.  "(A)ny party may serve upon any other party

22 written interrogatories, not exceeding 25 in number including all

23 discrete subparts . . ."  F.R.Civ.P.33(a).

24    C.   Pursuant to F.R.Civ.P.26(e), the parties shall

25 supplement their disclosures and amend their responses to discovery

26 requests in a timely manner.

27    D.   The parties are ordered to complete all discovery on

28 or before August 2, 2013.

4

E.   Plaintiff is directed to disclose all expert witnesses, in writing, on or before March 1, 2013.  Defendants are directed to disclose all expert witnesses, in writing, on or before April 1, 2013.  The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all information required thereunder.**  Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

The provisions of Fed.R.Civ.P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

8.   Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before August 30, 2013, and are (customarily) heard on Wednesdays at 10:00 a.m. in Courtroom No. 1 on the Eighth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge.  **NOTE:** It is the policy of Judge Snyder's chambers that a hearing date first be cleared with chambers at (559) 499-5690 prior to the filing of any non-dispositive motions and supporting documents.  Judge Snyder's chambers also requires prompt courtesy copies in excess of 25/50 pages in compliance with **Local Rule 133(f)**.  **Counsel must also comply with Local Rule 251 with respect to discovery disputes or**

1 **the motion will be denied without prejudice and dropped from**

2 **calendar.**[1]

3         In scheduling such motions, the Magistrate Judge may

4 grant applications for an order shortening time pursuant to Local

5 Rule 144.  However, if counsel does not obtain an order shortening

6 time, the notice of motion *must* comply with Local Rule 251.

7         Counsel may appear, and argue non-dispositive motions,

8 telephonically, provided a (written) request to so appear is

9 presented to Judge Snyder's chambers (559-499-5690) no later than

10 five (5) court days prior to the noticed hearing date.  **ALL out-of-**

11 **town counsel are strongly encouraged to appear telephonically via a**

12 **single conference call to chambers**.  If two or more attorneys

13 request to appear telephonically, then it shall be the obligation

14 and responsibility of the moving party(ies) to make prior

15 arrangements for the single conference call with an AT&T operator,

16 IF counsel do not have conference call capabilities on their

17 telephone systems, and to initiate the call to the court.

18         Regarding discovery disputes, no written discovery

19 motions shall be filed without the prior approval of the assigned

20 Magistrate Judge.  A party with a discovery dispute must first

21 confer with the opposing party in a good faith effort to resolve by

22 agreement the issues in dispute.  If that good faith effort is

23 unsuccessful, the moving party shall then seek a prompt hearing

24

25     [1] Local Rule 251(a) ~ **revised 12/1/09** ~ requires a joint statement re discovery disagreement be filed seven (7) days prior to the scheduled hearing date (i.e., the Wednesday before the customary Wednesday hearing).  Any motion(s) will be dropped from calendar IF the statement is not filed OR timely filed AND

26 courtesy copies of any and all motions, including the 251 stipulation, declarations, and exhibits, properly tabbed, fastened, and clearly identified as a "Courtesy Copy (to avoid inadvertent, duplicative, and/or

27 erroneous filing by court staff), exceeding twenty-five (25) pages pursuant to Local Rule 133(f), are not delivered to the Clerk's Office at 9:00 a.m. on the fourth (4th) FULL day (or Thursday) prior to the (customary)

28 hearing (on Wednesday).

with the assigned Magistrate Judge by telephone or in person.   If the hearing is to be conducted by telephone, the Courtroom Deputy Clerk will inform counsel of the date and time of the hearing, and it shall be the responsibility of the moving party to initiate the telephonic conference call to chambers.   The recording of telephonic hearings or conferences with the Court is prohibited, except with prior permission of the Court.   The request for a hearing with a judicial officer carries with it a professional representation by the attorney that a conference has taken place and that s/he has made a good faith effort to resolve the dispute.

The attorneys or unrepresented parties shall supply the assigned Magistrate Judge with the particular discovery materials (i.e., objectionable answers to interrogatories) that are needed to understand the dispute.

If the assigned Magistrate Judge decides that motion papers and supporting memoranda are needed to satisfactorily resolve the discovery dispute, such papers shall be filed in conformity with Rule 7.   Such motions shall (1) quote in full each interrogatory, question at deposition, request for admission, or request for production to which the motion is addressed, or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought; and, (2) the response or objection and grounds therefor, if any, as stated by the opposing party.

Unless otherwise ordered by the Court, the complete transcripts or discovery papers need not be filed with the Court pursuant to subsection (c) of this rule unless the motion cannot be fairly decided without reference to the complete original.

7

All Dispositive Pre-Trial Motions shall be filed on or before October 25, 2013, and are heard Tuesdays through Thursdays at 8:30 a.m. in Courtroom No. 4 on the Seventh Floor before the Honorable Lawrence J. O'Neill, United States District Judge.  In scheduling such motions, counsel shall comply with **Local Rules 230 and 260**.

### **Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved without the necessity of briefing; (4) narrow the issues for review by the Court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; (6) arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

//

/

8

1      9.    Pre-Trial Conference Date:

2           December 12, 2013 at 8:30 a.m. in Courtroom No. 4 on the

3    Seventh Floor before the Honorable Lawrence J. O'Neill, United

4    States District Judge.

5           Ten (10) days prior to the Pretrial Conference, the

6    parties shall exchange the disclosures required pursuant to

7    F.R.Civ.P. 26(a)(3).

8           The parties are ordered to file a **JOINT Pretrial**

9    **Statement pursuant to Local Rule 281(a)(2)**.  The parties are

10   further ordered to submit a digital copy of their Joint Pretrial

11   Statement in WordPerfect X3[2] format to Judge O'Neill's chambers by

12   e-mail to LJOOrders@caed.uscourts.gov.

13          Counsels' attention is directed to **Rules 281 and 282 of**

14   **the Local Rules** of Practice for the Eastern District of California

15   as to the obligations of counsel in preparing for the Pre-Trial

16   Conference.  **The Court will insist upon strict compliance with**

17   **those Rules**.

18     10.   Trial Date:

19          February 4, 2014 at 8:30 a.m. in Courtroom No. 4 on the

20   Seventh Floor before the Honorable Lawrence J. O'Neill, United

21   States District Judge.

22          A.    This is a jury trial.

23          B.    Counsels' Estimate of Trial Time:

24                2-3 days.

25          C.    Counsels' attention is directed to **Rule 285 of the**

26   **Local Rules** of Practice for the Eastern District of California.

27   _____

28    [2] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

9

1    11.   Settlement Conference:

2          October 9, 2013 at 10:30 a.m. in Chambers on the Ninth

3    Floor before the Honorable Sandra M. Snyder, United States

4    Magistrate Judge.

5          Unless otherwise permitted in advance by Judge Snyder,

6    **the attorneys who will try the case shall personally appear** at the

7    Settlement Conference **with the parties** and the person or

8    persons having **full authority** to negotiate and settle the case **on**

9    **any terms**[3] at the conference.

10         Permission for a party *[not attorney]* to attend by

11   telephone may be granted by Judge Snyder upon request, by letter,

12   with a copy to the other parties, IF the party lives and works

13   outside the Eastern District of California, AND attendance in

14   person would constitute a hardship.  If telephone attendance is

15   allowed, **the party must be** *immediately* **available throughout the**

16   **conference, until excused, regardless of time zone differences**.

17   Any other special arrangements desired in cases where settlement

18   authority rests with a governing body shall also be proposed, in

19   advance, by letter, and copied to all other parties.

20         CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

21         NOTICE IS HEREBY GIVEN that a Confidential Settlement

22   Conference Statement is **MANDATORY**, and must be submitted to Judge

23   Snyder's chambers, **at least five (5) court days prior to the**

24   **Settlement Conference**, by e-mail to SMSOrders@caed.uscourts.gov.

25   _____

26   [3] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, or the like, shall be represented by a person or persons who occupy high executive positions in the party

27   organization, and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it

28   appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

10

1 Failure to so comply may result in the imposition of monetary
2 and/or other sanctions.

3         The Statement should **not be filed** with the Clerk's Office
4 nor **served on any other party**, although the parties may file a
5 Notice of Lodging Confidential Settlement Conference Statement.
6 Each Statement shall be clearly marked "Confidential" with the date
7 and time of the Settlement Conference indicated prominently
8 thereon.  Counsel are urged to request the return of their
9 Statements if settlement is not achieved and, if such a request is
10 not made, the Court will dispose of the Statement.

11         The Confidential Settlement Conference Statement shall
12 include the following:

13         A.   A brief statement of the facts of the case.

14         B.   A brief statement of the claims and defenses, i.e.,
15 statutory or other grounds upon which the claims are founded; a
16 forthright evaluation of the parties' likelihood of prevailing on
17 the claims and defenses; and, a description of the major issues in
18 dispute.

19         C.   A summary of the proceedings to date.

20         D.   An estimate of the cost and time to be expended for
21 further discovery, pretrial, and trial.

22         E.   The relief sought.

23         F.   The party's position on settlement, including
24 present demands and offers, and a history of past settlement
25 discussions, offers, and demands.

26 ///

27 //

28 /

11

**ADMONITION**

If it is clear to counsel and/or the parties that this case is not in a settlement posture, counsel are DIRECTED to contact this Court's staff immediately to make arrangements for a continuance OR to take it off calendar.  Otherwise, this Court will assume, and requires, the following:

1.   That plaintiff has provided defendants with a timely demand;

2.   That the parties have met and conferred sufficiently at least once prior to the Settlement Conference regarding possible settlement; and,

3.   That the parties are therefore ready, willing, and able to settle the case, meaning that (A) defendants have settlement authority, and (B) plaintiff is willing to negotiate in good faith.

If there is no settlement authority from either or any party and/or it is the hope of one or more parties that this Court assess strengths and weaknesses of each parties' cases such that this Court will hopefully convince a party to dismiss this lawsuit, **THIS IS NOT SETTLEMENT.**  In such a situation, the parties are ordered to coordinate a telephonic conference call with this Court, through chambers at (559) 499-5690 prior to the Settlement Conference, to discuss the status of settlement.  Failure to do so could result in sanctions against any or all parties if appearances are made and it was known to one or more parties that the case cannot settle.

//

/

12

1    12.   Request for Bifurcation, Appointment of Special Master,

2  or other Techniques to Shorten Trial:

3         Not applicable at this time.

4    13.   Related Matters Pending:

5         Not applicable at this time.

6    14.   Compliance with Federal Procedure:

7         The Court requires compliance with the Federal Rules of

8  Civil Procedure and the Local Rules of Practice for the Eastern

9  District of California.  To aid the Court in the efficient

10 administration of this case, all counsel are expected to

11 familiarize themselves with the Federal Rules of Civil Procedure

12 and the Local Rules of Practice for the Eastern District of

13 California, and to keep abreast of any amendments thereto.  The

14 Court must insist upon compliance with these Rules if it is to

15 efficiently handle its increasing caseload.  Sanctions will be

16 imposed for failure to follow the Rules as provided in both the

17 Fed.R.Civ.P. and the Local Rules.

18   15.   Compliance with Electronic Filing Requirement:

19         On January 3, 2005, the United States District Court for

20 the Eastern District of California became an electronic case

21 management/filing district (CM/ECF).  Unless excused by the Court,

22 or by Local Rule, attorneys shall file all documents electronically

23 as of January 3, 2005, in all actions pending before the court.

24 While Pro Se Litigants are exempt from this requirement, the court

25 will scan in all documents filed by pro se litigants, and the

26 official court record in all cases will be electronic.  Attorneys

27 are required to file electronically in pro se cases.  More

28 information regarding the Court's implementation of CM/ECF can be

found on the court's web site at www.caed.uscourts.gov, including the Court's Local Rules, the CM/ECF Final Procedures, and the CM/ECF User's Manual.

While the Clerk's Office will not refuse to file a proffered paper document, the Clerk's Office will scan it and, if improperly filed, notify the Court that the document was filed in an improper format.  An order to show cause (OSC) may be issued in appropriate cases regarding an attorney's disregard for the requirement to utilize electronic filing, or other violations of these electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).

All counsel must be registered for CM/ECF.  On-line registration is available at www.caed.uscourts.gov.  Once registered, counsel will receive a login and password in approximately one (1) week.  Counsel must be registered to file documents on-line.  See L.R. 135(g).  Counsel are responsible for knowing the rules governing electronic filing in the Eastern District.  Please review the Court's Local Rules available on the Court's web site.

16.  Effect of this Order:

The foregoing Order represents the best estimate of the Court and counsel as to the agenda most suitable to bring this case to resolution.  <u>The trial date reserved is specifically reserved for this case</u>.  If the parties determine at any time that the schedule outlined in this Order cannot be met, counsel are ORDERED to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference.

//

/

14

1   Stipulations extending the deadlines contained herein
2   will not be considered unless accompanied by affidavits or
3   declarations and, where appropriate, attached exhibits which
4   establish extremely good cause for granting the relief requested.
5   Scheduling orders are vital to the Court's case
6   management.  Scheduling orders "are the heart of case management,"
7   *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are
8   intended to alleviate case management problems.  *Johnson v. Mammoth*
9   *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  A "scheduling
10  conference order is not a frivolous piece of paper, idly entered,
11  which can be cavalierly disregarded without peril."  *Johnson*, 975
12  F.2d at 610.
13  **THEREFORE, FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT**
14  **IN THE IMPOSITION OF SANCTIONS.**
15  IT IS SO ORDERED.
16  **Dated:   March 14, 2012**          **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE

15